UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 15-3063 DSF (AGRx) | Date | 8/10/15 |
| Title | Ricardo Jose Calderón Lopez, et al. v. Tigran Gumushyan, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant's Motion to Dismiss (Docket Number 17)[1]

      Defendant Sunset Housing Solutions, L.P. moves to dismiss Plaintiff Ricardo J. Calderón Lopez's Complaint. Sunset argues that a 2013 case bars Calderón Lopez's current claims against it, and alternatively, that Calderón Lopez has failed to state a claim under Rule 12(b)(6). Calderón Lopez, who is proceeding pro se, responded with a document titled "Statement of Plaintiff not opposing defendant 'Sunset' motion to dismiss." (See Dkt. No. 20.) Although styled as a notice of non-opposition, the submission contests Sunset's motion on the merits. The Court accordingly treats this submission as an opposition to Sunset's motion.

      "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations omitted). The doctrine applies where there exists: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." Id. (internal citations omitted).

      In 2013, Calderón Lopez filed a lawsuit against Sunset on behalf of Starlight

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 24, 2015 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Entertainment Enterprises, Inc.. See Starlight Entertainment Enterprises, Inc. v. Sunset Housing Solutions L.P., CV13-9025 ODW (AGRx). The 2013 complaint, albeit as disjointed and unclear as the current Complaint, alleged that Sunset improperly intruded into plaintiff's residence and that this intrusion resulted in the theft of Calderón Lopez's identity.[2] Although Starlight is the only named plaintiff in the 2013 complaint, multiple allegations concerning "plaintiff" appear to reference Calderón Lopez. See Starlight Entertainment Enterprises, Inc., CV13-9025 ODW (AGRx), Dkt. No. 1 at 3 (describing plaintiff as physically disabled). Other allegations, including that concerning the above-referenced residence, are ambiguous as to whether "plaintiff" refers to Calderón Lopez or to Starlight. See id. at 2. The caption page lists "Ricardo J. Calderón Lopez" as "Pro-Per." The 2013 complaint was dismissed with prejudice after Starlight failed to file an amended complaint in accordance with the court's earlier instruction. See id., Dkt. Nos. 6, 39.

The 2013 action bars Calderón Lopez's present claims against Sunset. A review of both complaints confirms that the two actions share an identity of claims. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714 (internal citations omitted)." As with the 2013 action, the limited allegations directed at Sunset in this action appear to challenge Sunset's intrusion into Calderón Lopez's residence and the related identity theft. (See Compl. at 11-12.)

The 2013 action, which was dismissed with prejudice, resulted in a final judgment on the merits. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005) ("'[F]inal judgment on the merits' is synonymous with 'dismissal with prejudice.'").

Finally, both actions involve an "identity or privity between parties." For purposes of res judicata, privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks omitted). Parties are in privity where, for instance, there is a "substantial identity" between the party and the nonparty and where a non-party's "interests were represented adequately by a party in the original suit." Id. Under either standard, Calderón Lopez was in privity with Starlight, the lone named plaintiff in the

---

[2]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

2013 action. In fact, Starlight was originally a named plaintiff in this action, but was dismissed because it was not represented by counsel. Calderón Lopez filed the 2013 action and appears to have controlled the entire litigation; the 2013 complaint sought damages on behalf of Calderón Lopez; and Calderón Lopez appears closely associated with Starlight. Given the presence of all three res judicata criteria, the present claims against Sunset are DISMISSED with prejudice.

Even if the 2013 action did not bar Calderón Lopez's claims against Sunset, dismissal would be proper because the Complaint comes nowhere close to plausibly alleging a cause of action against Sunset. The limited allegations directed at Sunset do contain factual assertions entitled to a presumption of truth and therefore fail to plead a cognizable cause of action under 12(b)(6). See Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) ("[D]ismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'").

The motion to dismiss is GRANTED.

IT IS SO ORDERED.